# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Benjamin Kinser, | ) | Civil Action No. 2:18-1816-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Salt Bar LLC, Sean Carey, James Kupra, | ) | |
| Dustin Powers, Derek Gonzales, | ) | |
| Larry Watson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge recommending that this case be transferred to the Eastern District of North Carolina as proper venue. (Dkt. No. 11.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and transfers this case to the United States District Court for the Eastern District of North Carolina.

I. **Background**

In July 2018, Plaintiff filed a *pro se* suit in the District of South Carolina against Defendants for personal injuries he suffered from an alleged assault at the Salt Bar Ultra Lounge in North Carolina. (Dkt. No. 1.) Plaintiff received medical treatment at two hospitals in North Carolina, and thereafter at two medical facilities in Charleston, South Carolina. (*Id.* ¶ 26.) Plaintiff alleges that he is a resident of South Carolina and Defendants are residents of North Carolina. (*Id.* ¶ 1, 3, 6-11.) Plaintiff also alleges, "Venue is proper in [the District of South Carolina] under 28 U.S.C. § 1391." (*Id.* ¶ 13.) The Magistrate Judge undertook a pre-service review of the action and recommended that the Court *sua sponte* transfer the case in the interest

of justice to the Eastern District of North Carolina. (Dkt. No. 11.) Plaintiff objected to the findings in the R & R. (Dkt. No. 13.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the Plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

### B. Transfer for Improper Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A civil action may be brought:

> (1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court may undertake *sua sponte* transfer of venue when the parties had "an opportunity to be heard before a decision is rendered." *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986). Such opportunity to be heard may be in the form of written notice to file

timely objections to the Magistrate Judge's R & R. *See, e.g.*, *Harmon v. Sussex Cnty*, No. 4:17-2931-RBH-TER, 2017 WL 6506396, at n.1 (D.S.C. Nov. 13, 2017).

## III. <u>Discussion</u>

The Court finds that the Magistrate Judge ably addressed the issues raised by Plaintiff and correctly concluded that the Eastern District of North Carolina is the appropriate venue because all Defendants reside in North Carolina and the alleged assault giving rise to Plaintiff's claims occurred in North Carolina. *See* 28 U.S.C. § 1391(b)(1)-(2).

Plaintiff objects to the Magistrate Judge's recommendation and contends that the District of South Carolina, Charleston Division is the appropriate venue because (1) "the majority of medical treatment and thereto witnesses and experts to be presented at trial" are in the Charleston area; (2) "the medical treatment and injuries plaintiff still suffers in South Carolina . . . constitutes a substantial amount of the events for this action"; and (3) Charleston is "most convenient to the injured party." (Dkt. No. 13 at 1-2.) Regarding Plaintiff's first and third contentions: pre-trial discovery may be taken from witnesses in Charleston and trial approximately four hours' drive away in Raleigh would not unduly burden the witnesses, especially in light of all Defendants being residents of North Carolina. Regarding Plaintiff's second contention: Plaintiff's subsequent medical treatment at the Medical University of South Carolina and Roper Hospital in Charleston are not "events or omissions [ ] sufficiently substantial to support venue" under 28 U.S.C. § 1391(b)(2) because Plaintiff also received medical treatment at two hospitals in North Carolina. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court (Dkt. No. 11) and **TRANSFERS** this matter to the United States District Court for the Eastern District of North Carolina.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 2, 2018
Charleston, South Carolina